# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **KRISTINE BROTHERTON,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 1:17-cv-00477-WCL-SLC** |
| | ) | |
| **ION FILIPENCO,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a complaint filed by Plaintiffs Kristine Brotherton and Daniel

Brotherton, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE

1). As the parties seeking to invoke federal diversity jurisdiction, Plaintiffs bear the burden of

demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save*

*Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

First, Plaintiffs' complaint alleges that they "reside in Decatur, Indiana" (DE 2 ¶ 1), and

that Defendant Ion Filipenco "at the time of the accident in question, was a resident of the State

of Washington" (DE 2 ¶ 2). Residency is meaningless for purposes of diversity jurisdiction,

however; an individual's citizenship is determined by his or her domicile. *See Winforge, Inc. v.*

*Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*,

671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship,

which depends on domicile—that is to say, the state in which a person intends to live over the

long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996)

(explaining that statements concerning a party's "residency" are not proper allegations of

citizenship as required by 28 U.S.C. § 1332). Moreover, for purposes of determining diversity

jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

Further, Plaintiffs' complaint alleges that Defendants N & M Freight, Inc., and American Leader, Inc., "are corporations with their principal place of business located in the State of Illinois," but does not identify the states by which N & M Freight, Inc., and American Leader, Inc., are incorporated. (DE 2 ¶ 3). A corporation is considered a citizen of the state by which it is incorporated *and* the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (emphasis added); *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990). Thus, Plaintiffs must identify the states by which Defendants N & M Freight, Inc., and American Leader, Inc., are incorporated.

And although the complaint alleges that Yankee Freight Systems, LLC, is a corporation, its name suggests that it is a limited liability company. "[I]n the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Therefore, "citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* (citations omitted). Accordingly, the Court must be informed of the identity and citizenship of all of the members of Yankee Freight Systems, LLC, tracing such citizenship through all applicable layers of ownership to ensure that none of the members share a common citizenship with Plaintiffs. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).

Accordingly, Plaintiffs are granted to and including December 19, 2017, to file an amended complaint that properly alleges federal subject matter jurisdiction on the basis of diversity of citizenship.

SO ORDERED.

Entered this 4th day of December 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge